**Robert K. SORENSEN, et al.,**
**Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 89–124V.

United States Claims Court.

March 18, 1991.

Thomas Wm. Arbon, Dallas, Tex., for petitioners.

Michael P. Milmoe, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

MARGOLIS, Judge.

This vaccine case comes before the court on a motion to review filed by the respondent, the Secretary of the Department of Health and Human Services, on January 7, 1991, pursuant to Appendix J, RUSCC. Petitioners brought an action to recover compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* at 42 U.S.C.A. §§ 300aa-1 to -34 (West Supp. 1990), alleging that injuries sustained by their son, Jonathan Sorensen, were the result of a DPT (diphtheria-pertussis-tetanus) vaccination. Special Master E. LaVon French held hearings in Dallas, Texas on August 16, 1990 on entitlement to compensation and in Arlington, Virginia on November 13, 1990 on the amount of damages. On December 6, 1990, the Special Master rendered a decision awarding compensation to the petitioners. *Sorensen v. Secretary of HHS*, No. 89-124V, slip op., 1990 WL 290491 (Cl.Ct. December 6, 1990).

The respondent argues that the decision awarding compensation was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because the Special Master erred in (1) precluding the respondent from putting on oral medical testimony concerning infantile spasms; (2) "rejecting respondent's argument that infantile spasms is unrelated to the administration of the DTP vaccination"; and (3) "concluding that, as a matter of law, a diagnosis of infantile spasms may not constitute an alternative condition which is a factor unrelated to the administration of a vaccine and that such a diagnosis may not be a defense against a finding of a table injury."

After a careful review of the Special Master's decision and the entire record, this court upholds the findings of fact and conclusions of law of the Special Master and sustains the Special Master's decision. This court holds that the objections raised by the respondent in this case are resolved by *Hale v. Secretary of HHS*, 22 Cl.Ct. 403 (1991), in favor of the petitioners. The opinion of Senior Judge Kenneth R. Harkins in *Hale* is both comprehensive and convincing, and this court follows that decision. The facts of our case yield no reason to depart from the precedent of *Hale* and other decisions cited in *Hale*. See, e.g., *Johnston v. Secretary of HHS*, No. 88-70V, slip op. (Cl.Ct. May 21, 1990), *aff'd*, 22 Cl.Ct. 75 (1990) (Hodges, J.).

The Special Master considered the relevant factors and no clear error of judgment was made in awarding compensation to the petitioners. The Special Master's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, this court upholds the findings of fact and conclusions of law of the Special Master and sustains the Special Master's decision. The Clerk is directed to enter judgment in accordance with the decision of the Special Master.